UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 10-665-C

STEPHAN SHECKLES,                                                              PLAINTIFF,

V.                    MEMORANDUM OPINION AND ORDER

RALCORP FROZEN BAKERY
PRODUCTS, INC.,                                                                 DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \*

The matter before the court is plaintiff Stephan Sheckles' motion to remand. For the reasons asserted, this court will grant the motion. R. 6.

On September 30, 2010, Sheckles filed a suit in Jefferson Circuit Court against defendant Ralcorp Frozen Bakery Products, Inc. Sheckles alleged that Ralcorp terminated him for filing a workmen's compensation claim, in violation of KRS § 342.197 (West, 2010), which states, "[n]o employee shall be harassed, coerced, discharged, or discriminated against in any manner whatsoever for filing and pursuing a lawful claim under this chapter." Ralcorp timely removed the instant action to this court, and Sheckles moved to remand.

An action may not be removed to federal court, regardless of whether there is subject matter jurisdiction, if it "arise[s] under the workmen's compensation laws" of the state. 28 U.S.C. § 1445(c). "A civil action arises under a state workmen's compensation law when either (1) the workmen's compensation law created the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of workmen's compensation law." *Harper v. Autoalliance*

1

*International, Inc., et al.*, 392 F.3d 195, 203 (6th Cir. 2004). As Sheckles's right to relief under KRS § 342.197 does not depend on the resolution of a substantial question of workmen's compensation law, this court will consider only whether the workmen's compensation law created the cause of action.

A statute which merely codifies, rather than creates, a cause of action for retaliatory discharge, does not arise under workmen's compensation law. *Nixon v. Waste Management, Inc.*, 156 F. App'x 784, 786 (6th Cir. 2005). This court must consider three principles to determine whether a statute arises under workmen's compensation law. First, if a workmen's compensation statute is amended to prohibit retaliatory discharge only after state courts held "that a discharge for exercising rights under the [statute] gives rise to a cause of action," a court may decide that statute does not arise under workmen's compensation law. *Harper*, 392 F.3d at 203. Second, a court may determine that a statute does not so arise when it fails "to specify a remedy for retaliation or even a means to enforce the right to be protected from retaliation." *Harper*, 392 F.3d at 203. Third, a statute is determined not to arise under workmen's compensation law when state courts have decided that the statute did not explicitly create a cause of action. *Nixon*, 156 F. App'x at 787. The Michigan and Tennessee statutes prohibiting retaliatory discharge for filing a workmen's compensation claim were found not to arise under workmen's compensation law because all three factors were found. *Harper*, 392 F.3d at 203-05; *Nixon*, 156 F. App'x at 786-87.

The Kentucky Supreme Court first recognized a cause of action for retaliatory discharge in *Firestone Textile Co. Div., Firestone Tire and Rubber Co. v. Meadows*, 666 S.W.2d 730 (Ky. 1983). *Firestone* created an exception to the at-will employment

doctrine by recognizing a public policy exemption created by Kentucky workmen's compensation law. The cause of action was then codified in 1984 in KRS chapter 342. 1984 Ky. Acts ch. 96, § 1, effective July 13, 1984. The Kentucky Court of Appeals ruled that the statute did not pre-empt recovery under the common law tort action created by *Firestone*, as a statute only pre-empts "where the statute 'both declares the unlawful action and specifies the civil remedy available to the aggrieved party, that the aggrieved party is limited to the recover provided by the statute.'" *Pike v. Harold (Chubby) Baird Gate Company, Inc.*, 705 S.W.2d 947, 948 (1986). The statute was amended in 1987 to specifically identify the civil remedies available. 1987 (1st Extra. Sess.) Ky. Acts ch. 1, § 21, effective October 26, 1987; KRS § 342.197(3) (Any person injured "shall have a civil cause of action in Circuit Court to enjoin further violations, and to recover actual damages . . . .").

KRS § 342.197 arises under Kentucky's workmen's compensation law because it creates a remedy. Unlike the Michigan and Tennessee statutes, KRS § 342.197(3) specifically creates a remedy for discharged employees seeking benefits. KRS § 342.197(3). This limits the remedy to that specifically provided for under the statute. *See Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985) ("Where the statute both declares the unlawful act and specifies the civil remedy available to the aggrieved party, the aggrieved party is limited to the remedy provided by the statute."). Though the cause of action may have been judicially created, the amendment of the statute to include a remedy and thus limits recovery only to the statute shows legislative intent that KRS § 342.197 arise under the workmen's compensation law. Further, "while the common law right to recover for retaliatory discharge was originally judicially recognized

3

four months prior to the enactment of KRS 342.197, later decisions of Kentucky courts have emphasized that the scope of the right is now strictly a matter of statutory construction, not suitable for judicial expansion or reinterpretation." *McCormack v. RR Donnelley & Sons Co.*, 436 F.Supp.2d 857, 859 (E.D.Ky. 2006) (internal citations omitted). As KRS § 342.197 arises under Kentucky workmen's compensation law, this court will grant the motion to remand.

III. Conclusion

Accordingly, **IT IS ORDERED** that the plaintiff's motion to remand (R. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be **REMANDED** to Jefferson Circuit Court and **STRICKEN** from the active docket.

Signed on March 10, 2011

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**